NO. 12-05-00120-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
THE STATE OF TEXAS FOR                          §                 APPEAL FROM THE 
 
THE BEST INTEREST AND                           §                 COUNTY COURT AT LAW OF
 
PROTECTION OF A.K.                                    §                 CHEROKEE COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            A.K. appeals the trial court’s order renewing a prior order for inpatient extended mental
health services. A.K. raises one issue on appeal. We reverse and render.
 
Background
            A.K. is a male patient at the Texas Mental Health and Mental Retardation Facility in Rusk,
Cherokee County, Texas, in accordance with an order dated April 5, 2005 for extended court-ordered
inpatient mental health services.


 On March 30, 2005, an application for renewal of the order for
extended mental health services was filed.


 On April 5, 2005, the trial court conducted an
evidentiary hearing on the matter. Following the hearing, the trial court granted the application for
renewal, finding that, as a result of mental illness, “the patient is likely to cause serious harm to self
or others, or will, if not treated, continue to experience deterioration of his/her ability to function
independently and is unable to make a rational and informed choice as to whether or not to submit
to treatment . . . .” This appeal followed.
Specificity of Findings
            In his sole issue, A.K. contends that the trial court erred in ordering the renewal because the
evidence was neither legally nor factually sufficient to support its findings.


 A court may not renew
an order for extended inpatient mental health services unless the court finds that the patient meets
the criteria for extended mental health services prescribed by Sections 574.035(a)(1), (2), and (3). 
See Tex. Health & Safety Code Ann. § 574.066(f). Section 574.035(a) provides, in pertinent
part, as follows:
 
The judge may order a proposed patient to receive court-ordered extended inpatient mental health
services only if the jury, or the judge if the right to a jury is waived, finds, from clear and convincing
evidence, that:
 
              (1)         the proposed patient is mentally ill; 
              (2)         as a result of that mental illness the proposed patient:
 
                            (A)        is likely to cause serious harm to himself;
                            (B)         is likely to cause serious harm to others; or
                            (C)         is:
 
                                           (i)          suffering severe and abnormal mental,
emotional, or physical distress;
                                           (ii)         experiencing substantial mental or physical
deterioration of the proposed patient’s ability
to function independently, which is exhibited
by the proposed patient’s inability, except for
reasons of indigence, to provide for the
proposed patient’s basic needs, including
food, clothing, health, or safety; and
                                           (iii)        unable to make a rational and informed
decision as to whether or not to submit to
treatment.
 
              (3)         the proposed patient’s condition is expected to continue for more than 90 days . . . .


Tex. Health & Safety Code Ann. § 574.035(a). If the jury or judge finds that the proposed
patient meets the commitment criteria prescribed by Subsection (a), the jury or judge must specify
which criterion listed in Subsection (a)(2) forms the basis for the decision. Tex. Health & Safety
Code Ann. § 574.035(c) (Vernon Supp. 2004–05). The court may not enter an order for extended
mental health services unless appropriate findings are made. Tex. Health & Safety Code Ann.
§ 574.035(g).
            In the case at hand, the trial court, in its order, found that, “as a result of mental illness,
[A.K.] is likely to cause serious harm to self or others, or will, if not treated, continue to experience
deterioration of [his] ability to function independently and is unable to make a rational and informed
choice as to whether or not to submit to treatment. . . .” As the court’s order fails to specify which
criterion listed in subsection (a)(2) forms the basis of the court’s decision, the order does not comply
with the mandate set forth in Section 574.035(c). Therefore, we hold that due to its failure to include
appropriately specific findings in its order, the trial court improperly entered the order renewing a
prior order for inpatient extended mental health services. A.K.’s sole issue is sustained.



 
Disposition
            Having sustained A.K.’s sole issue, we reverse the trial court’s order renewing a prior order
for inpatient extended mental health services and render an order denying the application for renewal
of the prior order for extended mental health services.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered September 7, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




(PUBLISH)